BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE KLEIN MEDICAL ) 
MALPRACTICE LITIGATION ) DOCKET NO. 214

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FILED
JUL 23 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,[*] EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On May 4, 1972, Ruhama Klein visited Dr. Naomi Kanof in the District of Columbia for treatment of a mole on her lower leg. As part of her diagnostic examination, Dr. Kanof forwarded a biopsy specimen of the mole to Dr. Charles F. Sims, a dermato-pathologist in New York, for laboratory analysis. Dr. Sims's report apparently indicated that Mrs. Klein's mole was benign. Unfortunately, Mrs. Klein later discovered that she was suffering from a condition described as a malignant melanoma, metastatic. She has since undergone extensive hospitalization and treatment for this condition.

Mrs. Klein and her husband have instituted two malpractice actions arising from these events: one in the Southern District of New York against Dr. Sims and one in the District of the District of Columbia against Dr. Kanof. The Kleins move the Panel for an order transferring the District of Columbia action to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending there. Dr. Kanof opposes transfer; Dr. Sims has taken no position on the question. We find insufficient basis for transfer

under Section 1407 and, accordingly, deny the motion.[1]

Movants maintain that transfer is justified because the requisite common questions of fact exist between the actions. These, they argue, include the nature of the condition for which the defendant physicians undertook to treat Mrs. Klein; the nature of the tests and diagnostic procedures performed; the nature of the treatment rendered; the injuries and complications incurred; and the damages sustained.

We disagree. While questions relating to the damages Mr. and Mrs. Klein sustained as a result of the alleged malpractice of each of the defendants are necessarily similar because of the identity of plaintiffs in the two actions, the common factual issues on the question of liability in each action are minimal.

The essential ingredient of liability in the New York action is the propriety of the pathological tests performed by Dr. Sims and his resultant conclusion that the specimen forwarded to him was benign. In the District of Columbia action, however, the question of liability turns on whether the diagnostic procedures employed by Dr. Kanof and her subsequent reliance on the report of Dr. Sims were in accordance with prevailing medical standards in her community. Thus, the sole overlap between the actions on the liability issues appears to be the contents of

---

[1] All responding parties waived their right to oral argument and, at their request, the question of transfer under Section 1407 was submitted on the briefs.

Dr. Sims's report. Since that report is easily available to plaintiffs in the District of Columbia action through appropriate discovery of Dr. Kanof, see Fed. R. Civ. P. 34, there appears little need for transfer of either action under Section 1407 in so far as liability is concerned.

Moreover, since the plaintiffs are the same in these two actions and the defendants have comparable interests in processing the issue of damages, any possibility of duplicative discovery relating to this issue can easily be avoided through cooperative efforts among the parties. For example, notices for a particular deposition could be filed in both the New York and District of Columbia district courts, thereby making the deposition applicable in each jurisdiction. The parties could also seek a stipulation that all discovery on the issue of damages may be used in both actions. Hence, we believe that suitable alternatives to a Section 1407 transfer are available to the parties in this litigation.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 214 |

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ruhama Klein & Max Klein v.<br>Dr. Charles F. Sims | Civil Action<br>No. 75 Civ. 1172 |

DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ruhama Klein & Max Klein v.<br>Dr. Naomi Kanof | Civil Action<br>No. 75-0508 |